UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO COVARUBIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DEUEL VOCATION INSTITUTION, et al.,[1]<br><br>    Defendants. | No. 2:20-cv-1193 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 5. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

I.    IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

////

---

[1] The spelling of defendant Deuel Vocational Institution has been incorrectly entered on the docket. Consequently, the Clerk of Court will be directed to change the word "Institution" to "Institutional."

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.   PLEADING STANDARD

   A.   Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

   B.   Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

////

1 | Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor
2 | v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

## IV. PLAINTIFF'S COMPLAINT

Plaintiff's complaint names the Chief Medical Officers at Deuel Vocational Institution, California State Prison – Lancaster and Kern Valley State Prison as defendants in this action. See ECF No. 1 at 1-2. Plaintiff does not identify these defendants by name. See id. Moreover, each of these prisons is located in a different jurisdiction.

A review of plaintiff's complaint indicates that it is woefully incomplete. Although a cursory review of the twenty-four-page pleading suggests that it contests defendants' treatment of his chronic arm pain that was eventually diagnosed as metastasized cancer (see, e.g., ECF No. 1 at 7), plaintiff has failed to fill out the claim part of the complaint form and state the origin of his harm (see id. at 3-5). As a result, the court is unable to determine: (1) what plaintiff's specific claims are, (2) against which defendants plaintiff intends to raise particular claims, and (3) whether jurisdiction in this district is proper given the varied locations of the defendants.

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); see also Fed. R. Civ. P. 8(a)(2). At the same time, however, vague and conclusory allegations concerning the involvement of prison personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266. 268 (9th Cir 1982). Rather, plaintiff must set forth specific facts as to each defendant's causal role in any alleged constitutional violation he raises.

4

1 | See Leer v. Murphy, 844 F.2d 628, 634.

2 |     Given the deficiencies in plaintiff's complaint, he will be given the opportunity to amend it. When doing so, plaintiff must identify each defendant by name. He must also clearly state his claims against each named defendant, explaining what each individual did to violate plaintiff's rights. Finally, plaintiff must also provide a basic chronology of what violations of right occurred, when they occurred, and where.

### V. LEAVE TO AMEND

Plaintiff is being given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall:

   a. Change the word "Vocation" to "Vocational" in the case caption on the docket, and

   b. Send plaintiff another copy of this court's Civil Rights Complaint By A Prisoner form, and

2. Within thirty days of the date of this order, plaintiff shall file a first amended complaint.

DATED: June 30, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE